IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

AMY TREMAYNE,

      Plaintiff,

v.

PRINT RESOURCES, INC.  d/b/a
IMPLEMENT NOW.

      Defendant.

_____/

No.
JURY DEMAND

## COMPLAINT

Plaintiff, AMY TREMAYNE (hereinafter "Plaintiff" or "Mrs. Tremayne") brings this claim for relief against PRINT RESOURCES, INC.  d/b/a IMPLEMENT NOW, as follows:

## I.  INTRODUCTION

1. Plaintiff, AMY TREMAYNE (hereinafter "Plaintiff" or "Mrs. Tremayne") brings this claim for relief against PRINT RESOURCES, INC.  d/b/a IMPLEMENT NOW for legal relief to redress unlawful violations of plaintiff's rights under the Americans with Disabilities Act with Amendments (ADAAA), 42 U.S.C. § 12101 *et. seq.,* hostile work environment, intentional infliction of emotional distress, and constructive discharge.

1

## II. THE PARTIES

### THE PLAINTIFF

2.     Plaintiff AMY TREMAYNE (hereinafter referred to as "Plaintiff" or "Mrs. Tremayne') is a resident of Franklin, Williamson County, Tennessee.

### THE DEFENDANT

3.     On information and belief, PRINT RESOURCES, INC.  d/b/a IMPLEMENT NOW (hereinafter "Defendant" or "Implement Now") is a for-profit business with 15 or more employees and with a principal office located at 121 Seaboard Lane, Suite 11, Franklin, Tennessee 37067; doing business in the State of Tennessee and operating in this Judicial District. Defendant may be served with process by serving its registered agent for service of process, Austin Casselman, 121 Seaboard Lane, Suite 11, Franklin, Tennessee 37067.

## III.  JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and diversity jurisdiction pursuant to 28 U.S.C. § 1343 (Civil Rights and Elective franchise) because the defendant was deprived of her rights and privileges as a citizen of the State of Tennessee and of the United States.  Venue in the Middle District of Tennessee, Nashville Division is proper pursuant to 28 U.S.C. § 1391, because the Defendant was either doing business in this district or resides in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

5.    The Plaintiff filed a charge of discrimination with the EEOC on October 23, 2017.  The EEOC has issued a Notice of Right to Sue, which was received on April 8th, 2018 and dated April 4th, 2017. A copy of the Notice is attached as Exhibit 1. This action is timely filed within 90 days of the date issued and received. Mrs. Tremayne has exhausted her administrative prerequisites under ADAAA and all statutes that require administrative remedies.

6.    Venue is proper in the Middle District of Tennessee under 28 U.S.C. § 1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

## IV.  FACTS

7.    On or about March 13, 2017, Mrs. Tremayne began working at Print Resources Inc. d/b/a Implement Now.

8.    Mrs. Tremayne informed her supervisor, Kate McPherson that she is a recovered alcoholic.

9.    On or about June 2, 2017, Mrs. Tremayne requested and was approved for a half day of paid time off so that she could attend an alcoholism recovery retreat in Atlanta. Mrs. Tremayne arrived at work that morning at 7:00 a.m. and planned to leave at 11:45 a.m. Prior to leaving, she was informed that she could not leave until 2:00 p.m. and that she had to complete her work prior to leaving.  Since Ms. Tremayne had worked the half-day, she left the office at 12:00 p.m. in order to make it to the retreat on time. When she returned on Monday, she was told that if she "pulled a stunt like that again," she would be fired.

3

10. On or about July 20, 2017, Mrs. Tremayne informed her immediate supervisor, Kate McPherson, that she was pregnant. After Mrs. Tremayne informed Ms. McPherson that she was pregnant her work environment became exceedingly hostile.

11. On or about September 7, 2017, during a staff meeting Mrs. Tremayne glanced over at her supervisor's computer screen and saw a Slack Communicator message to the President of company that said "Amy is spicy." The response given was to "make sure to document it and let AC (Austin Casselman) know."

12. On or about September 8, 2017, Mrs. Tremayne informed co-worker, Audry Norton that the company had lost a large account. Implement Now had sent payment to a hacker instead of the factory causing a long delay. Shortly after, Gene Henrie came into Mrs. Tremayne's office yelling that she was communicating false information and that it was not her place to share such information. The following day Mrs. Tremayne spoke with both her supervisor and Mr. Henrie. Ms. McPherson and Mr. Henrie told Mrs. Tremayne not to worry about it.

13. Mrs. Tremayne was growing increasingly worried about the stability of her job and on September 11, 2017, she approached Ms. McPherson. Mrs. Tremayne explained that she had seen the email exchange between Ms. McPherson and Ms. Todd. Ms. McPherson explained that, "Austin Casselman (CEO) has a one strike policy, not a three strike policy, and ever since you left for Atlanta that day, he has

4

been waiting to give you the boot." Ms. McPherson suggested that Mrs. Tremayne speak with Mr. Henrie. She further stated that they were about to hire someone new and Mrs. Tremayne should be worried that the new person would show her up.

14. On or about September 11, 2017, Mrs. Tremayne spoke with Mr. Henrie. Mr. Henrie informed Mrs. Tremayne that she was not pulling her weight, and that the new hire was expected to put out about 30% more work than she was. He also said "in order to not let the new kid show you up, start pulling your weight so that doesn't happen."

15. Prior to the above stated encounters, Ms. Tremayne had never been provided any notice that her work was not satisfactory. In fact, Mrs. Tremayne was told that all her projects were in good shape. Implement Now was fully aware of Ms. Tremayne's disability as a recovered alcoholic. Ms. Tremayne had asked for and received paid time off for the day she left to attend a recovery retreat, which is directly related to her disability. At all material times, Plaintiff had a "disability" as that term is defined by the ADAAA and which she was actively involved in continued treatment to maintain her sobriety.

16. On or about September 27, 2017, owner and CEO, Austin Casselman, began making comments derogatory in nature about pregnant women while in staff meetings. Mr. Casselman stated that the pregnant ladies were going to have to work extra hard to practice EQ and not bring their emotions and hormonal imbalance into the work place, and to "leave that shit at home." He went on to say

to the other employees present, "don't let the pregnant ladies get to the point of losing it.  Maybe walk to the fridge for them and get them a snack."

17.     On or about September 28, 2017, Mr. Casselman yelled at Mrs. Tremayne for not having an inventory count on a cup project back from the factory. Mrs. Tremayne explained that she had multiple calls into the vendor and that she had sent them seven emails that day.  Mr. Casselman responded with "well pick up the fucking phone and call and ask for that person's manager!  Call their boss!  Call anyone!  They are an ASI company, they can get this information in a minute!"

18.     On or about September 29, 2017, Mr. Casselman made a derogatory comment about African Americans and the black lives matter movement.

19.     On or about October, 2, 2017, Mr. Casselman made additional derogatory comments about pregnant women during a staff meeting.  Specifically, he stated that he knew that they had a few ladies who are "pregnant and emotional, but they will have to start pulling their own weight around here."  He further indicated that the ladies who were pregnant should "not let their pregnancy emotions get in the way anymore." At all times material hereto, Plaintiff was in a protected class under federal law and faced discrimination from Implement Now based on her pregnancy, sex and disability.

20.     Having endured the derogatory comments and heightened scrutiny from her supervisors, Mrs. Tremayne filed a complaint against Mr. Casselman. Ms. Todd stated that she agreed that Mr. Casselman's comments were very offensive

6

and that she has been meaning to talk to him about it. After making that comment, Ms. Todd suddenly described Mrs. Tremayne's performance issues for the previous two months. This was the first time anyone had ever discussed performance issues with Mrs. Tremayne. On information and belief, Implement Now had no policies or procedures in place for individualized performance assessments.

21. On or about October 3, 2017, when Ms. Tremayne arrived at work, it was clear that her supervisor, Ms. Mcpherson, was upset with her. Ms. Mcpherson stated that she is very upset that she had to spend all afternoon the day prior, meeting with everyone in the office to ensure Mrs. Tremayne felt comfortable. She also said she was upset that Mrs. Tremayne was not aware of her performance issues. She then asked if moving forward Mrs. Tremayne wanted a formal documented performance chart. Mrs. Tremayne informed her that she would very much appreciate something like that, as she had been blindsided by Ms. Todd's comments. Defendant's actions were retaliatory in nature and a violation of federal law including, among others, 42 U.S.C. 2000e-3(a) (Other unlawful employment practices).

22. Given the derogatory treatment endured by Plaintiff, the lack of accommodation of her disability, discriminatory practices and the hostile work environment, Plaintiff felt that she had no other choice but to quit and was therefore, constructively discharged. The management at Implement Now had created such a hostile, discriminatory and retaliatory environment that it is guilty of Plaintiff's constructive discharge.

7

23. In sum, Defendant denied Plaintiff leave she needed, discriminated against her due to her pregnancy, created a hostile work environment, retaliated against her for reporting the conditions at work and constructively terminated her despite her ability to remain working. Defendant's above actions have denied Plaintiff substantial income (back pay and front pay), benefits, and have caused her worry, anxiety, financial distress, humiliation, and embarrassment. Plaintiff seeks wage loss, benefits loss, compensatory damages, and attorney fees and costs. She also seeks punitive damages as Defendant's actions were not simple negligence but a purposeful or reckless decision to deny Plaintiff her job.

## V. CAUSES OF ACTION

24. Plaintiff respectfully asserts the following claims for relief under ADAAA:

    a.    Under the ADAAA, failure to reasonably accommodate;

    b.    Constructive Discharge because of disability.

25. Plaintiff respectfully asserts the following claims for relief under 42 U.S.C. 2000e-2:

    a.    Discrimination based on sex (pregnancy).

26. Plaintiff respectfully asserts the following claim for relief under 42 U.S.C. 2000e-3(a) (Other unlawful employment practices).

27. Due to the termination of Plaintiff in violation of the ADAA, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3(a), Plaintiff has suffered lost wages, lost back pay

8

and front pay and any other benefits incident to her employment, and has suffered emotional pain and suffering.

**PRAYER FOR RELIEF**

28.    WHEREFORE, Plaintiff demands the following relief:

    a.    That proper process issue along with a copy of this Complaint requiring the Defendant to appear and answer;

    b.    That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including but not limited to back pay and front pay, plus prejudgment interest as set forth above;

    c.    Any actual monetary loss sustained by the Plaintiff;

    d.    Compensatory damages for emotional harm, suffering;

    e.    Punitive damages;

    e.    Reasonable attorney's fees;

    f.    The costs and expenses of this action;

    g.    Such other legal and equitable relief to which Plaintiff may be entitled; and

    h.    Plaintiff further demands a jury to try this cause.

Respectfully submitted,

Jodi Melind

/s/ *Jodi Melind*

Jodi Melind, BPR #28727
219 Third Avenue, North
Franklin, TN 37064
(615) 335-3128
jodi@jodimlelindlaw.com

William Squires

/s/ *William Squires*

William Squires, BPR #21020
*Lead Counsel*
KHA Law Offices
2550 Meridian Blvd. Suite 200
Franklin, TN  37067
(615) 567-7303
bill@khalawgroup.com

Kendall White

/s/ *Kendall White*

Kendall White
219 Third Avenue, North
Franklin, TN 37064
(615) 815-4895
kendall@kendallwhite.com

*Attorneys for Plaintiff*

10